UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILEDY STRAIT, ET AL.,

      Plaintiffs,

v.                                            Case No.  8:05-cv-1864-T-24 MAP

BUSCH ENTERTAINMENT
CORPORATION,

      Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's motions in limine (Doc. No. 33, 34) and Plaintiffs' responses thereto (Doc. No. 39, 40).  These motions in limine seek to exclude the testimony of three witnesses that Plaintiffs intend to call in support of their claim that Defendant is responsible for injuries that Plaintiff Miledy Strait sustained when she attempted to board a tram at Busch Gardens on March 24, 2004.

**I.  Motion to Exclude the Testimony of Barrett Miller**

Defendant seeks to exclude Plaintiffs' liability expert, Barrett Miller, arguing that his opinions do not meet the standards set forth in Federal Rule of Evidence 702 or <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 592 (1993).  In response, Plaintiffs have withdrawn Barrett Miller from their witness list and will not call him to testify at the trial in this case.  Accordingly, the Court denies this motion as moot.

**II.  Motion to Exclude the Testimony of Jennifer and Shawn Josi**

Defendant seeks to exclude the testimony of Jennifer and Shawn Josi, who are prepared to testify about a different tram incident that they witnessed two years after the subject tram

incident. Specifically, the Josis testified in their depositions that on June 2, 2006, they went to Busch Gardens and boarded a single-coach tram driven by an older white male. (Doc. No. 36, p. 16, 17; Doc. No. 37, p. 13, 14). Thereafter, they heard someone say, "Stop!" and they turned around and saw a middle-aged man behind them halfway on the tram with a stroller in his hands and items from his stroller had fallen off. (Doc. No. 36, p. 12, 24; Doc. No. 37, p. 12, 20). The Josis did not see how or exactly when the man entered the tram; they only saw him after the tram had stopped. (Doc. No. 36, p. 29-30; Doc. No. 37, p. 21-23).

Defendant argues that the Josis' testimony regarding this subsequent incident should be excluded under Federal Rule of Evidence 404(b)[1] and 403[2], because the incidents involved different drivers, different types of trams, different parts of the parking lot, and the Josis did not see exactly how the subsequent incident occurred. The Court agrees that their testimony regarding this subsequent incident should be excluded.

"[A]dmissibility of evidence in federal courts is governed by federal law." Borden, Inc. v. Fla. East Coast Railway Co., 772 F.2d 750, 754 (11th Cir. 1985)(citation omitted). "Evidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care,

---

[1] Rule 404(b) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . ."

[2] Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

and causation." Id.  The Court notes that an incident occurring after the one at issue in a case may be highly relevant to causation.  See Dollar v. Nichols Tractor Co., Inc., 561 F.2d 613, 617 (5th Cir. 1977).  Therefore, "when causation is an issue, provided a proper foundation has been laid, evidence of subsequent accidents may be admissible to prove causation and to rebut the opposing party's causation theory."  Id. (citation omitted).

In the instant case, however, evidence of the subsequent incident is not admissible.  The issue in this case to which this evidence relates is whether Defendant was negligent, and if so, whether the negligence was the cause of Plaintiffs' injuries.  However, evidence of an incident that occurred two years after the subject incident and which involved a different tram driver is not relevant to whether the driver of the tram that Plaintiff Miledy Strait was attempting to board took off before she had completely boarded the tram.  Even if it were relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  Furthermore, the Court notes that the Josis did not actually witness the man in the subsequent incident initially board the tram; they only saw him after the tram had stopped.  Therefore, their testimony cannot show that the two incidents occurred under similar circumstances; i.e., they cannot testify regarding whether the man started to board the tram while the tram was stopped or whether he attempted to board the tram after it had begun to move.

The Court notes that Plaintiffs argue that evidence of the subsequent incident should be admissible to: (1) counter Defendant's position that the incident as described by Plaintiffs could not have occurred under Defendant's policy and procedures, and (2) show that Defendant's policies and procedures are inadequate.  However, as stated above, since the Josis did not actually witness the man in the subsequent incident initially board the tram, the Josis' testimony

cannot show that the two incidents occurred under similar circumstances.  Without such a showing, evidence of the subsequent incident is not relevant to show that the incident as described by Plaintiffs could have occurred under Defendant's policy and procedures or that Defendant's policies and procedures are inadequate.  Even if it were relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  Accordingly, the Court finds that the evidence of the subsequent incident should be excluded, and Defendant's motion in limine on this issue is granted.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant's Motion in Limine to Exclude the Testimony of Barrett Miller (Doc. No. 34) is **DENIED AS MOOT**; and

(2) Defendant's Motion in Limine to Exclude the Testimony of Jennifer and Shawn Josi (Doc. No. 33) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of November, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record