UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILEDY STRAIT, ET AL.,

    Plaintiffs,

v.                      Case No.  8:05-cv-1864-T-24 MAP

BUSCH ENTERTAINMENT
CORPORATION,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on Plaintiffs' Motion for New Trial. (Doc. No. 66). Defendant opposes the motion. (Doc. No. 72).

## **I.  Background**

On December 15, 2006, the jury returned a verdict in favor of Defendant on Plaintiffs' negligence claim arising from an injury that Plaintiff Miledy Strait allegedly sustained while boarding a tram owned by Defendant at Busch Gardens. Thereafter, Plaintiffs filed the instant motion for a new trial pursuant to Federal Rule of Civil Procedure 59.

## **II.  Motion for New Trial**

Plaintiffs move for a new trial, arguing that (1) the income tax instruction that the Court gave prejudiced Plaintiffs; (2) placing before the jury Plaintiffs' ability to earn money and arguing that income taxes should be deducted from lost earnings capacity prejudiced Plaintiffs; (3) defense counsel's statements to the jury during closing arguments that Plaintiffs, their expert witnesses (Gerri Pennachio and Joyce Eastridge), and Plaintiffs' counsel were involved in a conspiracy to defraud the Court and the jury prejudiced Plaintiffs; and (4) Defendant's accident

reconstruction expert's videotape should have been excluded. Accordingly, the Court will analyze each argument.

### A. Income Tax Instruction and Reference to Plaintiffs' Wealth

Plaintiffs argue that they should be given a new trial because the income tax instruction that the Court gave prejudiced them Additionally, Plaintiffs argue that placing before the jury Plaintiffs' ability to earn money and arguing that income taxes should be deducted from lost earnings capacity prejudiced them. The Court rejects these arguments.

Plaintiffs challenge the Court's decision to give the Eleventh Circuit's Pattern Supplemental Damages Instruction 4.1 regarding the effect of income taxes on the recovery of take-home pay. (Doc. No. 61, p. 13). This was not an erroneous instruction, and as such, the giving of this instruction cannot support Plaintiffs' request for a new trial. Furthermore, even if it was an error to give this instruction, it did not prejudice Plaintiffs, because the instruction goes to the issue of damages, and the jury never reached that issue. Likewise, Plaintiffs were not prejudiced by Defendant placing before the jury Plaintiffs' ability to earn money and arguing that income taxes should be deducted from lost earnings, because (1) Plaintiffs made a claim for lost wages, which put their income in issue, (2) Plaintiffs entered their income tax returns into evidence during trial (Doc. No. 62), (3) the Eleventh Circuit's pattern jury instructions make the deduction of income taxes an issue, and (4) the jury did not reach the issue of damages. Accordingly, the Court denies Plaintiffs' motion on this issue.

### B. Defense Counsel's Statements to the Jury

Plaintiffs argue that they should be given a new trial because defense counsel's statements to the jury during closing arguments that Plaintiffs, their expert witnesses (Gerri Pennachio and Joyce Eastridge), and Plaintiffs' counsel were involved in a conspiracy to defraud

the Court and the jury prejudiced Plaintiffs. Specifically, the conspiracy statements were made regarding the failure of Plaintiffs' expert witnesses to accurately calculate Plaintiff's pre-accident wages and regarding Plaintiffs' testimony that Miledy Strait was working full-time before the Busch Gardens incident.

Plaintiffs did not object to the statements when they were made during the closing arguments, and the first time they brought it to the Court's attention was eighteen days after it occurred. Plaintiffs contend that they did not object at the time the statements were made, because an objection would have magnified the harm and no instruction by the Court could have cured the prejudice. The Court rejects this argument.

Given the length of the delay in bringing this to the Court's attention, it appears to the Court that Plaintiffs are making this claim as an afterthought. See Butts v. Curtis Publishing Co., 351 F.2d 702, 714 (5th Cir. 1965). Plaintiffs could have brought these statements to the Court's attention immediately after closing arguments outside of the presence of the jury, but they did not do so. The Court finds Plaintiffs' failure to timely object to the statements (if not during closing arguments, then at least immediately after the jury left the courtroom) amounted to a waiver of the objection given the type of statements made in this case, because without such an objection, the Court was unable to correct the situation. See Greenway v. Buffalo Hilton Hotel, 951 F. Supp. 1039, 1053 (W.D.N.Y. 1997)(finding that the defendant waived any objections to the plaintiff's closing argument by failing to object during closing arguments or after the jury left the courtroom), aff'd, 143 F.3d 47 (1998)(stating that when no objection is made during trial, the appellate court would only reverse for plain error); see also Oxford Furniture Companies, Inc. v. Drexel Heritage Furnishings, Inc., 984 F.2d 1118, 1128 (11th Cir. 1993)(stating that when no objections are raised during trial, the appellate court reviews the arguments for plain error and

3

that a finding of plain error is seldom justified in reviewing argument of counsel in a civil case). Furthermore, even if this Court considers the statements, the Court finds that the statements do not warrant a new trial. Accordingly, the Court denies Plaintiffs' motion on this issue.

### C. Admission of the Videotape

Plaintiffs argue that they should be given a new trial because Defendant's accident reconstruction expert's videotape should have been excluded. Specifically, Plaintiffs argue that the video of Defendant's accident reconstruction expert performing various acceleration tests on the tram was a video re-enactment that should have been excluded, because the re-enactment was done under dissimilar circumstances from the actual incident in the case. The Court rejects Plaintiffs' argument.

To begin with, the Court notes that Plaintiffs should have raised this argument in a motion in limine. Plaintiffs failed to file a motion in limine on this issue. Instead, Plaintiffs waited until the fourth day of trial to raise this issue. When the issue was raised and counsel orally argued the issue, Defendant stated that the video was not a re-enactment of Miledy Strait on the tram.

"[V]ideo . . . evidence is admissible to illustrate scientific, physics, and mechanical principles relevant to the litigation." Misener v. General Motors, 165 F.R.D. 105, 107 (D. Utah 1996)(citations omitted). Furthermore, "[d]emonstrations of experiments used merely to illustrate the principles forming an expert opinion do not require strict adherence to the facts, and courts may admit such demonstrations so long as they are offered to illustrate scientific principles rather than as re-enactments." Crossley v. General Motors Corp., 33 F.3d 818, 822 (7th Cir. 1994)(quoting Nachtsheim v. Beech Aircraft Corp., 847 F.2d 1261, 1278 (7th Cir. 1988))(internal quotation marks omitted).

While the video in this case did show Defendant's accident reconstruction expert, Kevin Breen, on the tram while it was traveling, the Court rejects Plaintiffs' argument that the video was a re-enactment that should have been excluded. Instead, it was a video demonstration used to illustrate to the jury the G-forces that the tram experienced when it stopped and to show the maximum speeds that the tram could travel at distances of ten, twenty, and thirty feet.

Furthermore, the fact that the video was not a re-enactment was conveyed to the jury. On direct examination, Breen stated that he was not trying to mimic what Miledy Strait did. Furthermore, on cross-examination, Breen again stated that he was not trying to act like Miledy Strait acted.

Accordingly, the Court finds that the video was properly admitted in this case. See, e.g, Champeau v. Fruehauf Corp., 814 F.2d 1271, 1278 (8th Cir. 1987)(allowing a video for the purpose of taking the plaintiff's distance and speed estimates and showing that under the applicable laws of physics, the accident could not have occurred); Young v. Illinois Central Gulf Railroad, 618 F.2d 332, 337-38 (5th Cir. 1980). As such, the Court denies Plaintiffs' motion on this issue.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' Motion for New Trial. (Doc. No. 66) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of February, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record