UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILEDY STRAIT, ET AL.,

    Plaintiffs,

v.                                                  Case No. 8:05-cv-1864-T-24 MAP

BUSCH ENTERTAINMENT
CORPORATION,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion for Attorneys' Fees and Costs. (Doc. No. 64). Plaintiffs oppose the motion. (Doc. No. 70).

**I. Background**

Plaintiffs Miledy and Thomas Strait initially filed a negligence claim in state court against Defendant due to injuries allegedly sustained by Miledy Strait as she was boarding Defendant's tram at Busch Gardens. Thereafter, on October 6, 2005, Defendant removed the case to this Court, based on diversity jurisdiction.

On June 13, 2006, Defendant served an offer of judgment on each Plaintiff under Florida's Offer of Judgment Statute, Florida Statute § 768.79. Specifically, Defendant offered to settle Miledy Strait's claim for $30,000 and Thomas Strait's claim for $5,000. (Doc. No. 64, Ex. A & B). Plaintiffs did not accept the settlement offers, and this case proceeded to a five day jury trial in December of 2006. The jury returned a verdict in favor of Defendant on Plaintiffs' claim. Thereafter, Defendant filed the instant motion for attorneys' fees and costs.

**II. Motion for Attorneys' Fees and Costs**

Defendant seeks its attorneys' fees and costs pursuant to Florida Statute § 768.79. Plaintiffs oppose the motion, arguing that § 768.79 does not apply to claims litigated in federal court. For the reasons stated below, the Court rejects Plaintiffs' argument and finds that Defendant is entitled to its reasonable attorneys' fees and costs under § 768.79.

**A. Applicability of Florida Statute § 768.79**

Florida Statute § 768.79 provides: "In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees . . . from the date of filing of the offer if the judgment is one of no liability . . .." Plaintiffs argue that § 768.79 does not apply, because (1) it is procedural in nature, rather than substantive, for Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), purposes; and (2) the plain language of the statute shows that it only applies to cases litigated in Florida's state courts. The Court rejects these arguments.

**1. Procedural v. Substantive**

Plaintiffs argue that § 768.79 does not apply, because it is procedural in nature, rather than substantive, for Erie purposes. In McMahan v. Toto, 256 F.3d 1120 (11th Cir. 2001)(hereinafter referred to as "McMahan I"), the Eleventh Circuit addressed the issue of the applicability of § 768.79 in diversity cases when the substantive law of a state other than Florida governed the underlying claim. Therein, the court stated:

> As a federal court exercising diversity jurisdiction, we engage in a two-step inquiry to determine if Fla. Stat. § 768.79 is applicable. In the first step, we determine whether the matter at hand is procedural or substantive for Eries R.R. Co. v. Tompkins purposes. If the matter is procedural then federal law will apply;

> but if the matter is substantive, then we will apply the law of the forum state. If we do determine that the matter is substantive, we examine the substantive law of the forum state, which includes its choice-of-law rules, to ascertain the applicable substantive law. We note, however, that the two steps are independent of each other, and thus a finding that a matter is substantive or procedural for Erie purposes does not compel the same characterization for choice-of-law purposes.

McMahon, 256 F.3d at 1131-32 (internal citations omitted). The McMahan I court then concluded that § 768.79 was substantive for both Erie purposes and Florida choice-of-law purposes. See id. at 1132, 1134. Since the substantive law of Virginia governed the underlying claim, and since the court concluded that Florida's choice-of-law principles compelled the application of Virginia law on the issue of attorneys' fees, the court found that § 768.79 did not apply.

After McMahan I was decided, Florida's Fourth District Court of Appeal commented on the decision of McMahan I in the case of BDO Seidman v. British Car Auctions, Inc., 802 So. 2d 366 (Fla. 4th DCA 2001). In BDO, the court stated: "We acknowledge that the eleventh circuit has recently held that section 768.79 is substantive under Florida conflict of laws principles. . . . We respectfully disagree with it." Id. at 369.

After the BDO decision, the Eleventh Circuit revisited the applicability of § 768.79 in McMahan v. Toto, 311 F.3d 1077 (11th Cir. 2002)(hereinafter referred to as "McMahan II"). In McMahan II, the court stated that in light of the BDO decision, § 768.79 is applicable to cases tried in the State of Florida even though the substantive law that governs the case is that of another state. See id. at 1081. As a result, the court remanded the case so that the district court could determine the appropriate amount of attorneys' fees to be awarded. See id.

Thus, based on McMahan I and McMahan II, §768.79 is substantive in nature for Erie purposes and applies in diversity cases filed in Florida. See Pinchinat v. Graco Children's

3

Case 8:05-cv-01864-SCB-TGW   Document 75   Filed 02/12/07   Page 4 of 7 PageID 765

Products, Inc., 2005 WL 1459409 (M.D. Fla. June 20, 2005); Bowers v. Universal City Development Partners, Ltd., 2005 WL 1243745, at *2 (M.D. Fla. May 19, 2005). Accordingly, the Court rejects Plaintiffs' argument that § 768.79 is procedural and thus inapplicable to the instant case.

### 2. Language of the Statute

Plaintiffs also argue that § 768.79 does not apply, because the plain language of the statute shows that it only applies to cases litigated in Florida's state courts. In support of this argument, Plaintiffs focus on the language in the beginning of the statute, specifically: "In any civil action for damages *filed in the courts of this state* . . ." Plaintiffs contend that since the statute refers to actions filed in the courts *of* this state, rather than to actions filed in the courts *in* this state, the statute only applies to actions litigated in state court (rather than applying to actions litigated in all courts located in the State of Florida). The Court rejects Plaintiffs' argument on this issue, because the plain language of the statute indicates that it applies to actions *filed* in the courts of this state. Regardless of whether the words "courts of this state" refers only to Florida's state courts or to all courts located in the State of Florida, Plaintiffs' action was originally filed in a Florida state court. As such, the Court rejects Plaintiffs' argument that § 768.79 is inapplicable to the instant case.

### B. Award of Attorneys' Fees and Costs

Having found that § 768.79 applies in this case, the Court must determine whether Defendant is entitled to its attorneys' fees and costs under the statute. In order to be entitled to fees and costs, the offer of judgment must (1) be in writing and state that it is made pursuant to Florida Statute § 768.79; (2) name the party making the offer and name the party to whom the

offer is made; (3) state with particularity the amount offered to settle a claim for punitive damages, if any; and (4) state the total amount of the offer. Fla. Stat. § 768.79(2). The offers in this case comply with these requirements.

If the plaintiff rejects an offer that complies with the requirements of § 768.79 and does not obtain a judgment against the defendant, the court must award the defendant its fees and costs, unless the court, in its discretion, determines that the offer was not made in good faith. Fla. Stat. § 768.79(7)(a); Vines v. Mathis, 867 So. 2d 548, 550 (Fla. 1st DCA 2004). If the court finds that the offer was not made in good faith, the court may disallow the award of fees and costs. Fla. Stat. § 768.79(7)(a). "The burden is on the offeree to prove the absence of good faith." See Camejo v. Smith, 774 So. 2d 28, 29 (Fla. 2d DCA 2000)(citation omitted); see also Schmidt v. Fortner, 629 So. 2d 1036, 1041 n.6 (Fla. 4th DCA 1993). Plaintiffs have not argued that the offers were not made in good faith.

Thus, if a plaintiff rejects an offer that complies with the requirements of § 768.79 and does not obtain a judgment against the defendant, and if the plaintiff does not show that the offer was not made in good faith, then the court must award the defendant's reasonable fees and costs. Since this Court has found that the offers in the instant case complied with the requirements of §768.79(2) and Plaintiffs have not argued that the offers were not made in good faith, the Court must award Defendant its reasonable fees and costs. In considering the reasonableness of the fees and costs requested, the court considers the factors set forth in § 768.79(7)(b).

Defendant has not submitted its counsel's detailed billing records, and as such, the Court cannot determine whether the fees sought are reasonable. Therefore, to the extent that Defendant seeks $89,436 in attorneys' fees, the Court denies the motion without prejudice as to the amount

of attorneys' fees to be awarded. Defendant may re-file an amended motion for attorneys' fees that attaches the detailed billing statements.

Defendant has submitted documentation to support its request for expert witness fees in the amount of $38,832.73. Expert witness fees may be awarded as costs under § 768.79. See Walgreen Co. v. Sklandis, 895 So. 2d 1201 (Fla. 3d DCA 2005). Plaintiffs have not argued that these costs should not be awarded for any reason other than that § 768.79 is inapplicable. As such, the Court considers Plaintiffs' lack of specific opposition to the expert witness fees as conceding that they are reasonable and appropriate under § 768.79. Therefore, the Court awards Defendant $38,832.73 in expert witness fees.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant's Motion for Attorneys' Fees and Costs (Doc. No. 64) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that Defendant is awarded expert witness fees of $38,832.73 and to the extent that the Court finds that Defendant is entitled to reasonable attorneys' fees under § 768.79; the motion is **DENIED WITHOUT PREJUDICE** as to the amount of attorneys' fees to be awarded.

(2) Defendant is directed to file an amended motion for attorneys' fees that contains the detailed billing records to substantiate the amount claimed by February 26, 2007.

(3) Defendant's Motion for Leave to File a Reply (Doc. No. 70) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of February, 2007.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge