UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILEDY STRAIT, ET AL.,

      Plaintiffs,

v.                                        Case No.  8:05-cv-1864-T-24 MAP

BUSCH ENTERTAINMENT
CORPORATION,

      Defendant.
_____/

**<u>ORDER</u>**

This cause comes before the Court on Defendant's Motion to Tax Costs (Doc. No. 65),

Plaintiffs' opposition thereto (Doc. No. 69), and Defendant's response to Plaintiffs' opposition

(Doc. No. 73).

**<u>I.  Background</u>**

On December 15, 2006, the jury returned a verdict in favor of Defendant on Plaintiffs'

negligence claim arising from an injury that Plaintiff Miledy Strait allegedly sustained while

boarding a tram owned by Defendant at Busch Gardens.  Thereafter, Defendant filed the instant

motion for costs, pursuant to Rule 54(d), in the amount of $14,375.59.

**<u>II.  Motion for Costs</u>**

Rule 54(d) provides that costs "shall be allowed as of course to the prevailing party

unless the court otherwise directs."  Costs that may be awarded under Rule 54 are those set forth

in 28 U.S.C. § 1920.  There is a presumption in favor of awarding costs.  <u>See</u> <u>Schultz v.</u>

<u>Ashcroft</u>, 174 Fed. Appx. 534, 540 (11th Cir. 2006)(citation omitted).

Plaintiffs object to an award of costs for certain deposition transcripts, witness fees, mediation fees, and subpoena fees.  Accordingly, the Court will analyze each of the costs that Plaintiffs object to.

**A.  Deposition Transcripts**

Rule 54 and § 1920 provides for an award of costs for fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.  Plaintiffs object to an award of costs for the following: (1) the transcript of the Rule 35 examination of Miledy Strait by Dr. Danziger; (2) the room rental for the Rule 35 examination of Miledy Strait by Dr. Danziger; (3) the transcript of the Rule 35 examination of Miledy Strait by Cathy McVay; (4) the depositions of J. Josi and S. Josi; (5) the deposition of Dr. Modh; (6) the deposition of Alfred Parham; and (7) the deposition of Barrett Miller.  Defendant concedes that the cost of the room rental for the Rule 35 examination should not be awarded, and as such, the Court reduces Defendant's costs by the $70 room fee.

With regards to the costs associated with the depositions of J. Josi, S. Josi, Alfred Parham, and Barrett Miller, these costs should be awarded, since these people were listed as Plaintiffs' witnesses.  See U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000)(stating that "[t]axation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the [other party] might need the deposition transcripts to cross-examine the witnesses . . . and that 'the information those people had on the subject matter of th[e] suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery'").

With regards to the deposition of Dr. Modh, Defendant argues since Dr. Modh was Miledy Strait's former employer at Tampa Bay Sleep Center, and since Miledy Strait testified that the incident at Busch Gardens inhibited her ability to work for Dr. Modh, the cost of Dr. Modh's deposition should be awarded.  The Court agrees that this deposition was necessarily obtained for use in this case.

With regards to the transcripts of the two Rule 35 examinations, Defendant argues that these depositions were necessary and related to Miledy Strait's claims for mental anguish and lost income and that they were necessary to refute the anticipated testimony by Plaintiffs' psychiatrist and vocational rehabilitation expert.  While neither Dr. Danziger nor Cathy McVay testified at trial, that alone does not make the transcripts unnecessary.

The Rule 35 examination taken by Dr. Danziger was taken to refute the anticipated testimony by Plaintiffs' psychiatrist, who Plaintiffs listed as a witness but decided during the trial not to call.  The Rule 35 examination taken by Cathy McVay was taken to refute the anticipated testimony by Plaintiffs' vocational rehabilitation expert, to prepare for McVay's deposition, and to prepare for McVay's direct examination at trial (although Defendant decided not to call McVay after Plaintiffs rested).  The Court is not persuaded that these costs should not be awarded.

### B.  Witness Fees

Rule 54 and § 1920 provides for an award of costs for witness fees.  Plaintiffs argue that certain witness fees totaling $430 should not be awarded, because the fees relate to witnesses that did not testify at trial and medical records custodians whose records were not introduced into evidence at trial.  The Court agrees that these witness fees should not be awarded, and as such, the Court reduces Defendant's costs by $430.

### C.  Mediation Fees

Next, Plaintiffs argue that mediation fees are not taxable under Rule 54.  Plaintiffs are correct that mediation fees are not taxable under Rule 54.[1]  See Dillon v. Axxsys International, Inc., 2006 WL 3841809, at *8 (M.D. Fla. Dec. 19, 2006)(citation omitted).  As such, the Court will reduce Defendant's costs by $412.50.

### D. Subpoena Fees

Private process server fees are taxable under Rule 54.  See W&O, Inc., 213 F.3d at 624. Plaintiffs argue that the entire amount of subpoena fees requested should be excluded, because Plaintiffs contend that it is impossible to determine which subpoena fees were necessary in this case.  Defendant responds that Plaintiffs were sent a Notice of Issuance every time that Defendant issued a subpoena, and as such, Plaintiff's argument is without merit.  Upon review, the Court is not persuaded that these costs should not be awarded.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Tax Costs (Doc. No. 65) is **GRANTED IN PART AND DENIED IN PART**: Defendant's costs are reduced by $912.50, so the total costs awarded to Defendant is $13,463.09.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of February, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[1] The Court notes that Defendant cites to a case where mediation costs were awarded.  However, the losing party did not specifically challenge the propriety of taxing mediation costs in that case.