UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILEDY STRAIT, ET AL.,

      Plaintiffs,

v.                                                Case No.  8:05-cv-1864-T-24 MAP

BUSCH ENTERTAINMENT
CORPORATION,

      Defendant.
_____/

## **ORDER**

This cause comes before the Court on Defendant's Amended Motion for Attorneys' Fees. (Doc. No. 77).  Plaintiff did not file a response in opposition, and as such, the Court considers the motion to be unopposed.

## **I.  Background**

Plaintiffs Miledy and Thomas Strait filed a negligence claim against Defendant due to injuries allegedly sustained by Miledy Strait as she was boarding Defendant's tram at Busch Gardens.  On June 13, 2006, Defendant served an offer of judgment on each Plaintiff under Florida's Offer of Judgment Statute, Florida Statute § 768.79.  Specifically, Defendant offered to settle Miledy Strait's claim for $30,000 and Thomas Strait's claim for $5,000.  (Doc. No. 64, Ex. A & B).  Plaintiffs did not accept the settlement offers, and this case proceeded to a five day jury trial in December of 2006.  The jury returned a verdict in favor of Defendant on Plaintiffs' claim.

Thereafter, Defendant filed a motion for attorneys' fees incurred after the date it served the offers of judgment (i.e., attorneys' fees incurred after June 13, 2006).  (Doc. No. 64).  The Court granted the motion to the extent that the Court found that Defendant is entitled to

reasonable attorneys' fees under § 768.79. (Doc. No. 75). The Court denied the motion without prejudice as to the amount of attorneys' fees to be awarded and directed Defendant to file an amended motion for attorneys' fees that contained the detailed billing records to substantiate the amount claimed. (Doc. No. 75). In response, Defendant filed the instant motion with detailed billing records attached.

## II.  Motion for Attorneys' Fees and Costs

Defendant seeks its attorneys' fees of $89,222.50 pursuant to Florida's Offer of Judgment Statute, Florida Statute § 768.79. The Court has already found that Defendant is entitled to attorneys' fees under § 768.79, the only issue that is left is the amount of attorneys' fees to be awarded.

The hourly rates charged were: $170 for Mr. Blank (a partner), $125 for Ms. Hormozdi (an associate), and $75 for Ms. McClugage (a paralegal). (Doc. No. 64, Ex. C). Defendant filed an affidavit of Anthony Petrillo, Esq., in which he attests to the reasonableness of the fees. (Doc. No. 64, Ex. D). Plaintiff has not opposed the hourly rates, and the Court finds that the rates charged are well within the prevailing rates for similar services in Tampa, Florida.

Defense counsel seeks reimbursement for 671.6 hours of work on this case. Plaintiff has not argued that any of the time spent was unreasonable. The Court has reviewed the billing records[1] and finds that the time spent was reasonable.

Accordingly, Defendant has shown a basis for an award of $89,222.50 in attorneys' fees. However, in considering the reasonableness of the fees requested, the court must consider the

---

[1] (Doc. No. 77, Ex. A).

factors set forth in § 768.79(7)(b).[2]  After considering these factors, the Court finds that an award of $89,222.50 in attorneys' fees is reasonable and appropriate, especially given Plaintiffs' lack of specific opposition as to the reasonableness of the fees sought.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Amended Motion for Attorneys' Fees (Doc. No. 77) is **GRANTED**, and Defendant is awarded $89,222.50 in attorneys' fees.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of March, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record

---

[2]Florida Statute § 768.79(7)(b) provides the following factors for the court to consider:
1. The then apparent merit or lack of merit in the claim.
2. The number and nature of offers made by the parties.
3. The closeness of questions of fact and law at issue.
4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.
5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.
6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.